# State of Tennessee

## In the Circuit Court of Hamilton County

FILED IN OFFICE
2013 SEP -3 PM 12:30
PAULA T. THOMPSON, CLERK
BY CLC

CHADWICK E. CARROLL

_____
Plaintiff

CITY OF RED BANK
HAMILTON COUNTY GOVERNMENT
OFFICER PATRICK MILLER &
JOHN DOE

No. 13C1158

_____
Defendant

# SUMMONS

TO:

| Defendant | Address |
|---|---|
| CITY OF RED BANK C/O RANDALL SMITH | RED BANK CITY HALL |
| HAMILTON COUNTY GOVERNMENT c/o COUNTY ATTORNEY RHEUBIN TAYLOR | |
| OFFICER PATRICK MILLER, | RED BANK PD |

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 3rd day of September, 2013

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Paula T. Thompson, Circuit Court Clerk
By _____
Deputy Circuit Court Clerk

Attorneys for Plaintiff: Robin R. Flores, Attorney at Law, 4110-A Brainerd Rd., Chatt., TN 37411

Address

Plaintiff's Address _____

Received this _____ day of _____, 20___

**SERVICE RETURN**

/S/ _____
Deputy Sheriff

**EXHIBIT A**

Case 1:13-cv-00350   Document 1-2   Filed 10/08/13   Page 1 of 15   PageID #: 6

# State of Tennessee,
## County of Hamilton

I, Paula T. Thompson, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20 _____, I delivered a copy of the summons and complaint to the defendant, _____

☐ Failed to serve this summons within 30 days after its issuance because: _____

John Cupp, Sheriff

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____ 20 ____.

_____
Defendant

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

### Notice to Defendant(s)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items by seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

CHADWICK E. CARROLL,

    *Plaintiff,*

~v~

CITY OF RED BANK,

HAMILTON COUNTY GOVERNMENT,

OFFICER PATRICK MILLER,
In his official capacity as an
agent for the City of Red Bank
and in his individual capacity, and

JOHN DOE,
In his official capacity as an
agent for the Hamilton County
Government and in his individual capacity,

    *Defendants.*

No. 13C1158

FILED IN OFFICE
2013 SEP -3 PM 12:29
PAULA T. THOMPSON, CLERK
BY _____ DC

## COMPLAINT

**Introduction:**

1.  This is an action for money damages against the defendants brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to the plaintiff by the Fourth, and Fourteenth Amendments to the United States Constitution, and for violations of the Tennessee Governmental Tort Liability Act, and actions against Hamilton County Government pursuant to TENN. CODE ANN. § 8-8-302, and violations of other statutory and common laws of the State of Tennessee.

2.  Plaintiff avers that the individually named officers, Patrick Miller and John Doe, were agents and law enforcement officers employed by the defendants City of

~ 1 ~

Red Bank ("City") and Hamilton County Government ("County") respectively, and engaged in an unreasonable seizure of the plaintiff.

3. In addition, plaintiff avers that the individually named officers worked in concert to assault, batter, humiliate, and torture plaintiff, and these same officers assisted one another in hiding the facts of the claims stated herein, and/or failed to stop the unlawful actions of their fellow officer and/or remained silent and failed to report the misconduct of their fellow.

4. Plaintiff also maintains that the individually named officers committed these violations and torts as a result of policies, customs, and/or procedures of the City and the County.

5. In addition, plaintiff avers that through the joint acts and omissions of the individually named officers, these officers subjected plaintiff to mental anguish and emotional distress.

**Jurisdiction and Venue:**

6. This is an action to redress the deprivation of rights secured to the plaintiff by the First, and Fourteenth Amendments to the United States Constitution (enforceable through 42 U.S.C. § 1983) and for violations of Tennessee statutes and common laws. Thus, as to the § 1983 claims, this Court is vested with original jurisdiction pursuant to the authority stated in Haywood v. Drown, 556 U.S. 729 (2009). This Court is vested with original jurisdiction over the state claims pursuant to TENN. CODE ANN. § 16-10-101, et seq.

7. Venue is proper in this Court pursuant to TENN. CODE ANN. § 20-4-102. All acts complained of occurred within Hamilton County.

~ 2 ~

a. Plaintiff is a resident Hamilton County, Tennessee.

b. To the best of plaintiff's knowledge and belief, the individually named officers are residents of Hamilton County, Tennessee.

c. City and County are political sub-divisions of the State of Tennessee.

**The Parties:**

8. At all times relevant to this cause of action, plaintiff was a citizen of the United States in the custody of the defendants.

9. At all times relevant to this cause of action, the City and County are political sub-divisions of the State of Tennessee organized and existing under the laws of the State of Tennessee.

a. The City and County finance its law enforcement departments and provide rules and regulations for the operation of their respective departments.

b. The City and County provide oversight of the hiring, training, discipline, and retention of all personnel in their law enforcement departments.

10. Specifically, and at all times relevant to this cause of action, the County is responsible for the creation and maintenance of its sheriff's department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to:

a. The training and certification of its law enforcement employees;

b.  The safe confinement and treatment of prisoners placed within the custody of its individual officers and agents;

c.  To create rules and regulations to properly investigate all incidents that result in injury to prisoners within the County's custody no matter the source of the injury; and

d.  Comply with state policy to disclose records of the County's inquiries of injuries sustained by persons in the custody of the County to those injured in the custody of the County.

11. Specifically, and at all times relevant to this cause of action, the City is responsible for the creation and maintenance of its police department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to:

a.  The training and certification of its law enforcement employees;

b.  The safe confinement and treatment of prisoners placed within the custody of its individual officers and agents;

c.  To create rules and regulations to properly investigate all incidents that result in injury to prisoners within the County's custody no matter the source of the injury; and

d.  Comply with state policy to disclose records of the City's inquiries of injuries sustained by persons in the custody of the City to those injured in the custody of the City.

12. At all times relevant to this cause of action, the individually named officers were employed by the City and County and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

    a. At all times relevant to this cause of action, the individually named officers acted in their official capacities as agents, servants, and employees, as defined under TENN. CODE ANN. § 29-20-102, for the City and County.

    b. At all times relevant to this cause of action, Doe was a deputy appointed by the Hamilton County sheriff.

    c. Plaintiff sues these defendants in their individual and official capacities.

**Factual Basis of Complaint:**

13. On October 16, 2012, plaintiff was in the custody of the defendants at the Hamilton County jail.

14. Defendants Miller and Doe strapped plaintiff into a restraint chair for the purpose of drawing blood subsequent to an arrest for DUI.

15. Defendants Miller and Doe removed plaintiff from the chair after they drew plaintiff's blood.

16. Defendants Miller and Doe escorted plaintiff from the chair.

17. Defendants Miller and Doe slammed plaintiff to the hard floor face-down.

18. Defendants Miller and Doe, in their attempts to restrain plaintiff, acted in concert and forced plaintiff's right arm behind his back and, despite plaintiff's pleas to stop, continued to force plaintiff's right arm behind his back until the arm "snapped."

~ 5 ~

19. One of the two individual defendants said, "I heard his arm snap."

20. At no time did defendant Miller make any attempt to prevent the injury to plaintiff.

21. At no time did defendant Doe make any attempt to prevent the injury to plaintiff.

22. Hamilton County EMS transported plaintiff to Erlanger Hospital.

23. As a direct and proximate result of the conduct of Miller and Doe, plaintiff suffered a severe injury to his right elbow, which resulted in loss of range of motion in with the right arm and continued pain.

24. At all times during the events herein described, the defendant officers were engaged in a joint adventure. The officers assisted each other in performing the various acts described and lent their physical presence and support in performing their various actions as described and lent their physical presences and support and the authority of their respective offices to each other during the said events.

25. At no time did any of the individual defendants attempt to prevent the unnecessary injury.

26. The individual defendants had no justification to use the amount of force that resulted in plaintiff's injury.

27. The individual defendant's use force was tantamount to torture.

28. Plaintiff, through his mother, attempted to obtain information from the County, through the sheriff's department about the incident as described herein.

29. The County refused to disclose any information about the events that resulted in plaintiff's injuries.

30. The two law enforcement officers named in this law suit conspired to violate the plaintiff's civil rights in that they acted in concert with one another, failed to report the unlawful actions of their fellow officer to their respective superiors, failed to properly document and report their actions and the actions of their fellow officer, failed to report and at least document the unlawful actions of their fellow officer, and continued to be "bricks in the blue wall of silence" and/or to continue to persist in a "Code of Silence" to protect their fellow officer who tortured, humiliated, and abused plaintiff, and refused to disclose the information as to the events surrounding plaintiff's injuries, which necessitated (in part) this law suit.

   a. In addition, the County and City (as best as plaintiff can infer from the refusal of the County, and later the City, to disclose any information to plaintiff or his mother) refused to properly investigate this matter and take action against the individual officers.

   b. Such refusal to disclose to plaintiff any information about the events leading up to the incident was an attempt by the County and the City to stall disclosure of the facts to the victim (plaintiff) in the hope plaintiff will miss a statute of limitation to file a law suit such as this.

31. In addition, Miller and Doe's failure to report one another and to take steps to prevent the very abuses of the plaintiff in one another's presence constitutes a deliberate indifference for the safety of the plaintiff in violation of his right to be free from unreasonable seizures.

**Count One:**
**Violation of Civil Rights**
**Under color of law 42 U.S.C. §1983**

32. Pursuant to Rule 10.04 of the Tennessee Rules of Civil Procedure, the plaintiff reasserts and incorporates ¶¶ 1 through 31.

33. The force used by the officers amounted to unlawful deadly force that carried a high risk of serious bodily harm and was unnecessary and unreasonable under the circumstances and was the direct and proximate cause of plaintiff's injuries and needless suffering.

34. No reasonable officer or person would have forced plaintiff's arm so far upward and behind the back as these two officers did to the plaintiff.

35. The force used by the officers was an act that demonstrated indifference to the life and safety of the plaintiff.

36. The failure to prevent the infliction of such harm by the officers was an omission that demonstrated indifference to the life and safety of plaintiff.

37. The officers acted under color of law, and at the time of such occurrence, acting by virtue of or under color of the office, and their negligence and intentional acts deprived the plaintiff his rights secured to him under the United States and Tennessee Constitutions to be free from:

    a. Unreasonable seizures without due process of law.

38. The governmental defendants had a duty of care to the plaintiff to ensure that is agents were properly trained in the use of force, when to render aid to an arrestee, and to train its sworn officers to report officer abuse of suspects. This failure constitutes deliberate indifference and a policy, practice, or custom of deliberate indifference.

39. The City has a pattern of overlooking the misconduct of its officers. In particular, those of officers Tammie Delashmitt and Mark Kaylor. Delashmitt conducted

an extra-territorial arrest outside of the City's limits, and when the command of the City's police became aware of the misconduct by other officers, the City retaliated against the reporting officers. Kaylor routinely makes arrests outside of the City's limits and arrests that lack in probable cause, the latter of which has become known to the Office of the District Attorney. Yet, the City refused to take action against Delashmitt and refuses to take action against Kaylor.

40. The City's lack of action as noted in ¶ 39 created an environment that allowed defendant Miller to believe that his abusive behavior would not be properly monitored, investigated, nor punished.

41. The County's refusal to disclose information to the plaintiff, a victim entitled to certain rights guaranteed to plaintiff through the Tennessee Constitution, created an environment that allowed the defendant Doe to believe that his abusive behavior would not be properly monitored, investigated, nor punished.

42. Plaintiff avers that such actions and omissions on the part of all the defendants constitutes a conspiracy violation of this law and were done to deprive the Plaintiff of the following rights established under the United States and Tennessee Constitutions:

> a. The right to be free from unlawful seizures and excessive force secured to him by the Fourth and Fourteenth Amendments;
> b. The right not to be deprived of life, liberty, or property without Due Process as secured to him by the Fourteenth Amendment;

  c.  As a prisoner of the governmental defendants to be treated humanely and without undue rigor, pursuant to Article 1, §§ 13 and 32 of the Tennessee Constitution.

43. The actions of the individual defendants were done with actual malice toward the plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the plaintiff. Thus the plaintiff is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. § 1988.

44. The omissions of the governmental defendants constitute deliberate indifference toward the plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the plaintiff. Thus the plaintiff is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. § 1988.

**Count Two:**
**Negligence**

45. Plaintiff incorporates fully ¶¶ 1 through 42 as if fully set out herein and avers that such actions and omissions on the part of the City and the County constitutes negligence in their duties to properly train their agents in the use of force, and further constitutes Miller's and Doe's negligent performance of their duties to plaintiff.

**Count Three:**
**Common Law Assault**

46. Plaintiff incorporates fully ¶¶ 1 through 42 as if fully set out herein and avers that such actions and omissions on the part of Miller and Doe constitutes a violation

of this tort at Tennessee common law. Plaintiff further avers the City and County are liable pursuant the doctrine set forth in <u>Limbaugh v. Coffee County Medical Ctr.</u>

**Count Four:**
**Common Law Battery**

47. Plaintiff incorporates fully ¶¶ 1 through 42 as if fully set out herein and avers that such actions and omissions on the part of Miller and Doe constitutes a violation of this tort at Tennessee common law. Plaintiff further avers the City and County are liable pursuant the doctrine set forth in <u>Limbaugh v. Coffee County Medical Ctr.</u>

**Count Five:**
**Common Law Intentional**
**Infliction of Emotional Distress**

48. Plaintiff incorporates fully ¶¶ 1 through 42 as if fully set out herein and avers that such actions and omissions on the part of Miller and Doe constitutes a violation of this tort at Tennessee common law.

WHEREFORE, the plaintiff demands judgment against the defendants and requests the following relief:

a. That the defendants be served a copy of this Complaint and be required to answer as required by the Tennessee Rules of Civil Procedure;

b. That the Court award compensatory damages in the amount of two hundred thousand dollars and punitive damages in the amount of five hundred thousand dollars;

c. That the Court award attorney's fees;

d. That the Court award costs, and discretionary costs;

e. Any other relief the Court may deem fit and proper;

f.  Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. § 1988, and

g.  Allow a jury trial on all issues triable by jury.

Respectfully submitted,

By: _____

**ROBIN-RUBEN FLORES**
TENN. BPR #20751
GA. STATE BAR #200745
Counsel for Plaintiff
4110-A Brainerd Road
Chattanooga, TN 37411
423 / 267-1575  fax 267-2703
robinflores@comcast.net

CIRCUIT COURT FOR HAMILTON COUNTY
State of Tennessee

CHADWICK E. CARROLL, §
§
Plaintiff, § No. 13-c-1158
§
~v~ § JURY DEMAND
§
HAMILTON COUNTY GOVERNMENT, *et al.*, §
§
Defendants. §

## AFFIDAVIT OF SERVICE
## DEFENDANT HAMILTON COUNTY GOVERNMENT

1. I am the affiant, Wendi G. Sloop. I am a paralegal for attorney, Robin R. Flores. I have first-hand knowledge of the facts I state in this affidavit. I am competent to make this affidavit.

2. On September 3, 2013, A Complaint was filed in this matter. On September 4, 2013, I obtained service of process upon the defendant, by and through counsel, Rheubin Taylor, Esq., through the defendant's agent, Linda Scaife, at the County Attorney's Office, office of Rheubin Taylor.

3. I have attached the return of the summons to this affidavit.

AFFIANT STATES NOTHING FURTHER

_____
WENDI G. SLOOP

**State of Tennessee**
**Hamilton County**

Sworn to before me this 5 day of Sept 2013.

_____
Notary Public
My commission expires 6-25-14